UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NO. 07-169** |
| **BARRY S. SCHEUR, ET AL.** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court are the following pretrial motions in this criminal matter: Robert McMillan's Motion for Bill of Particulars (Rec. Doc. 67); Barry Scheur's Motion for Review of Magistrate Judge's Denials of Motions for Bill of Particulars in No. 05-304 And In This Case (Rec. Doc. 73); and Barry Scheur's Motion to Strike Surplusage From Indictment (Rec. Doc. 75). The Court heard oral argument and took these motions under submission. For the following reasons, the Defendants' motions will now be GRANTED IN PART and DENIED IN PART as specified below.

**I.    BACKGROUND**

The Court has discussed the facts and procedural history of this case on several occasions. *See United States v. Scheur*, 2007 WL 2726083 (E.D. La. Sept. 17, 2007); *United States v. Scheur*, 2007 WL 1063301 (E.D. La. Apr. 3, 2007); *United States v. Scheur*, 2007 WL 29065 (E.D. La. Jan. 3, 2007). Accordingly, rather than repeat itself here, the Court will assume familiarity with its prior decisions and proceed to the substance of the instant motions.

1

**II.     PRESENT MOTIONS**

In the instant pretrial motions, the Defendants seek two forms of relief.

First, the Defendants ask the Court to direct the government to file a bill of particulars pursuant to Rule 7(f) of the *Federal Rules of Criminal Procedure*. The Defendants seek various particulars, including the following: (1) the identities of unindicted co-conspirators and the time period within which each such person is alleged to have been a member of the conspiracy; (2) the specific beginning and end dates of the alleged conspiracy and the time period within which each Defendant is alleged to have been a member of the conspiracy; (3) an identification of the specific false or misleading statements within the various financial records, of any fraudulent cash payments to The Oath from its parent companies, and of any non-existent or artificially inflated accounts receivable; (4) the identities of the individual insureds and medical service providers that were allegedly defrauded and the specific time and place each was allegedly defrauded; and (5) an identification by owner and location of any property subject to forfeiture.[1]

Second, the Defendants ask the Court to strike surplus language from the indictment pursuant to Rule 7(d) of the *Federal Rules of Criminal Procedure*. Specifically, the Defendants ask the Court to strike the following language from paragraphs six through nine of the indictment: (1) "The Oath paid SMG approximately $200,000 to $350,000 per month for management services, typically by wire transfer from an Oath bank account in New Orleans,

---

[1] As noted above, both McMillan and Schuer have filed motions requesting particulars. While their requests are not identical, they seek essentially the same information from the government. Moreover, although McMillan's request is more specific in certain respects than Scheur's, the summary provided above will suffice in light of the Court's conclusions with respect to the requested particulars. Indeed, to the extent that a specific request is not mentioned below, that request should be considered denied.

Louisiana to an SMG bank account in Massachusetts"; (2) "The previous owners of The Oath provided capital contributions sufficient to ensure that The Oath had a net worth above the required statutory minimum of $3 million at the time of transfer"; (3) "The Oath's liabilities exceeded its assets by approximately $45 million"; and (4) "From January 2000 until the LDOI placed The Oath in receivership in April 2002, The Oath paid SMG, defendant Scheur's company, approximately $6.1 million in management fees."

### III.   LAW & ANALYSIS

#### A.   Motion for Bill of Particulars

Rule 7(f) of the *Federal Rules of Criminal Procedure* provides that the Court may "direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to enable a defendant to prepare for trial, to reduce prejudicial surprise, and to provide a defendant with protection against a subsequent prosecution for the same offense." *United States v. Espy*, No. 96-198, 1996 WL 637759, at *1 (E.D. La. Nov. 4, 1996).

Of the various particulars summarized above, the Court finds that only the Defendants' request for the identities of unindicted co-conspirators and the time period within which each such person is alleged to have been a member of the conspiracy is well-founded. *See, e.g.*, *Espy*, 1996 WL 637759, at *1 ("Courts have generally found that the government should disclose the identity of all uncharged coconspirators."). Accordingly, the Court orders the government to disclose this information in a letter submitted under seal.

With respect to the Defendants' request for an identification by owner and location of any property subject to forfeiture, the Court finds that the indictment is sufficient. *See* Fed. R. Crim. P. 32.2 Advisory Committee Notes (2000) ("Rule 7(c) sets forth a requirement that the

government give the defendant notice that it will be seeking forfeiture in accordance with the applicable statute.  It does not require a substantive allegation in which the property subject to forfeiture, or the defendant's interest in the property, must be described in detail.").  Accordingly, this request is denied.

With respect to the Defendants' remaining requests, the Court finds that the indictment is sufficiently detailed.  Indeed, the bulk of these remaining requests involve alleged statements, actions, or information that either originated from the Defendants themselves or of which the Defendants were intimately aware.[2]  This includes the identities of the third parties that were allegedly defrauded—entities with which the Defendants did business.  Moreover, the government has already provided extensive discovery concerning all of these particulars.  Thus, the Court finds that the Defendants will not be prejudicially surprised at trial by the government's proof on these matters.  *See, e.g.*, *United States v. Cole*, 755 F.2d 748, 760-61 (11th Cir. 1985).  "While a bill of particulars has for its purpose informing a defendant of the nature of the charges against him . . . it may not be used to obtain a detailed disclosure of the government's evidence prior to trial."  *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973).  Accordingly, the Defendants' remaining requests for particulars are denied.[3]

---

[2]  The Defendants' request concerning the specific time frame of the conspiracy is also denied, in part because of the Court's conclusion below with respect to certain surplus language in the indictment.

[3]  In this regard, the Court agrees with some of the conclusions and reasoning of Magistrate Judge Moore, who previously considered similar requests in this case on November 8, 2006.  *See* Rec. Doc. 134 in Criminal Action No. 05-304.

**B.     Motion to Strike Surplusage**

Rule 7(c) of the *Federal Rules of Criminal Procedure* requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Rule 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment." Fed. R. Crim. P. 7(d). As the United States Court of Appeals for the Fifth Circuit has noted, "irrelevant or immaterial facts, particularly those that might prejudice the jury," may be struck from an indictment. *United States v. Hughes*, 766 F.2d 875, 879 (5th Cir. 1985). "The inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction under the separate counts involved surely can be prejudicial." *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971).

With respect to the challenged language summarized above, the Court finds that only that portion contained in paragraph seven of the indictment is so irrelevant or immaterial such that it should be struck. Accordingly, the following language is hereby struck from paragraph seven of the indictment: "The previous owners of The Oath provided capital contributions sufficient to ensure that The Oath had a net worth above the required statutory minimum of $3 million at the time of transfer. However, some months later."[4]

In addition, the Court will strike the phrases "at least as early as" and "at least" from the first sentences of paragraphs fifteen and nineteen of the indictment. These two phrases are unnecessary in light of the "in or about" language also included in paragraphs fifteen and

---

[4] Although the last four words were not challenged, they are no longer necessary given that the first sentence of paragraph seven is being struck.

nineteen regarding the beginning and end dates of the alleged offenses.

### IV.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that Robert McMillan's Motion for Bill of Particulars (Rec. Doc. 67), Barry Scheur's Motion for Review of Magistrate Judge's Denials of Motions for Bill of Particulars in No. 05-304 And In This Case (Rec. Doc. 73), and Barry Scheur's Motion to Strike Surplusage From Indictment (Rec. Doc. 75) are GRANTED IN PART and DENIED IN PART as specified above.

New Orleans, Louisiana, this 20th day of February, 2008.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE